[L. A. No. 943.   Department One.—February 19, 1901.]

WILLIAM W. HOLT, Respondent, v. FRANCES M. HOLT, Appellant.   FRANCES BACON et al., Respondents.

PARTITION—APPEAL FROM ORDER CONFIRMING SALE—ERROR IN DECREE NOT REVIEWABLE.—Upon appeal from an order confirming a sale in an action for partition, any error occurring in or prior to the decree of partition, which is appealable, cannot be reviewed; and the question whether the complaint does or does not state facts sufficient to support that decree, or whether the court failed to find upon a material issue tendered in an answer of the appellant, cannot be considered upon such appeal.

ID.—ORDER FIXING ATTORNEYS' FEES—FINAL JUDGMENT.—Where the fixing of attorneys' fees was reserved in the interlocutory decree for future consideration, and was passed upon at the time of confirming the sale, such order may be treated as a final judgment as to the attorneys' fees.

APPEAL from an order of the Superior Court of Los Angeles County confirming a sale upon partition and fixing attorneys' fees.   Lucien Shaw, Judge.

The facts are stated in the opinion.

Hester & Ladd, for Appellant.

Charles L. Batcheller, and E. E. Bacon, for Respondents.

GRAY, C.—This is an action in partition in which the complaint alleges that the plaintiff Holt and the defendant Frances M. Holt are tenants in common, each having an estate of inheritance to the extent of one undivided half of the whole of the fee in a certain described lot in the city of Los Angeles; and that defendant Frances Bacon has a mortgage lien on the said interest of Frances M. Holt to the extent of five hundred dollars, besides interest.

The action was commenced January 6, 1899, a general demurrer to the complaint was overruled, an answer filed and a trial had, followed by an interlocutory decree of partition made on May 25, 1899, and filed on the 27th of the same month. This decree adjudicated and determined the rights and interests

of the several parties to the suit in the lot in question, found
that a partition could not be had without great prejudice to the
owners, and ordered that a sale be made by the referees named
in the decree and the proceeds thereof be applied by said ref-
erees: 1. To the payment of the general costs, including cost of
abstract and attorneys' fees; 2. To payment of costs of references
and sale therein; 3. That the residue be paid to the several par-
ties to the suit, the specific part that each should receive being
fully stated in the decree. The court in this decree specially
reserved its finding and order as to the amount of attorneys'
fees to be allowed until the making of its final decree. Subse-
quently, a sale was made under this decree to the respondent,
Frank Jackson, and thereafter an order confirming said sale
was duly made by the court and filed on the sixth day of Janu-
ary, 1900. In this order the attorneys' fees were fixed at one
hundred dollars and referee's fees at thirty dollars. This ap-
peal is from the last-mentioned order, which is referred to in
the notice of appeal as "the final judgment and decree therein
entered in the said superior court on the sixth day of January,
1900." The notice of appeal was filed and the appeal taken on
April 20, 1900, more than sixty days after the entry of the
order appealed from, and more than six months after the entry
of the said interlocutory decree.

The only reasons urged for a reversal on this appeal are:
1. The complaint does not state sufficient facts, and the de-
murrer to it should have been sustained; 2. The court failed to
find upon the issue tendered in appellant's answer as to her
right to a homestead upon the said property. These questions
cannot be considered upon this appeal.

The objection urged against the complaint is that it fails to
set forth specifically and particularly the origin, nature, and ex-
tent of the interests of the several parties in the property de-
scribed in the complaint. The nature and extent of the several
interests were set forth in the complaint; and if the complaint
was not sufficiently specific in the respects stated and the court
had improperly overruled the demurrer, such action could be
reviewed only on appeal from the interlocutory decree of parti-
tion; for that decree is a final judgment, certainly, as to all
questions determined in it (*Hammond v. Cailleaud*, 111 Cal.

206[1]), and whether the order here appealed from be treated as an order made after final judgment or as itself a final judgment, it is plain that the decree of partition cannot be reviewed; because an appeal might have been taken from such decree (Code Civ. Proc., sec. 963), and any intermediate decision that might have been appealed from cannot be reviewed on this appeal. (Code Civ. Proc., sec. 956.)

For reasons apparent from the foregoing argument we are also precluded from here reviewing or deciding anything as to the issue concerning the homestead.

This appeal cannot be treated as taken from the decree of partition, for the notice of appeal was filed after the time limited by statute for taking such an appeal.

In the interlocutory decree of partition the question of attorney's fee was specially reserved for future consideration, and that matter was for the first time adjudicated in the order here appealed from. We may, therefore, treat such order as a final judgment as to the attorney's fee at least, and in that view of the matter, as nothing is urged against said fee, we think the judgment appealed from should be affirmed, and so advise.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.