[L. A. No. 9561. In Bank.—May 2, 1927.]

CLARA E. DEACON, Respondent, v. DANIEL A. DEACON, Appellant; A. T. ROARK, Cross-Complainant and Respondent.

[1] APPEAL—MOTION FOR NEW TRIAL—DISMISSAL—TIME.—An appeal is taken within time where between the date of the entry of the judgment and the taking of the appeal there was pending a proceeding on motion for a new trial which was dismissed by the trial court on the day the appeal was taken and the time within which the motion for a new trial must have been passed upon had not expired within the sixty-day period provided by section 660 of the Code of Civil Procedure.

[2] ID. — CONSENT JUDGMENT— MOTION TO DISMISS APPEAL —DISCRETION.—A motion to dismiss an appeal from a judgment, which it is asserted was a consent judgment, upon which motion appellant contended that he instructed his counsel not to consent to the judgment and that what the latter had done in apparently consenting thereto had been in violation of his instruction, is addressed to the discretion of the court; and where the determination of the question as to whether the appellant was injuriously affected by the action of his counsel requires an examination of the entire record, the motion will be denied.

(1) 3 **C. J.**, p. 1060, n. 58.     (2) 4 **C. J.**, p. 562, n. 1, p. 603, n. 35.

MOTION to dismiss appeal from a judgment of the Superior Court of San Diego County. W. P. Cary, Judge. Motion denied.

The facts are stated in the opinion of the court.

Glen H. Munkelt for Appellant.

Sloane & Sloane for Respondent.

RICHARDS, J.—The respondents have moved this court to dismiss the appeal of the defendant Deacon upon two grounds: First, That the appeal was not taken within the period prescribed by law. Second. That the judgment

1.  See 2 Cal. Jur. 407.
2.  See 2 Cal. Jur. 771.

from which the appeal has been taken was one entered by stipulation of the parties and was a consent judgment, and that for that reason the appellant has waived his right of appeal. The facts as shown by the record upon which the respondents predicate their first ground of the motion, namely, that the appeal was taken too late, are these: The action is one prosecuted by the plaintiff for an accounting as to the proceeds and revenue derived from certain real property known as the Ivy Apartments, and for the partition of said real estate and other property among the parties to this action according to their respective rights and interests therein. This action is the aftermath of a certain action for divorce between the plaintiff herein and the defendant D. A. Deacon, in the course of which a certain agreement in writing was entered into effecting a property settlement between the parties to said divorce proceeding and which was carried into the decree therein. The complaint in the present action was filed on June 11, 1925. The answer of the defendant D. A. Deacon thereto was filed on June 22, 1925. A. T. Roark, who was sued and served with process under a fictitious name, appeared and filed an answer and cross-complaint on July 3, 1925, and to which the defendant D. A. Deacon filed his answer on July 18, 1925. The cause came on for trial upon the issues thus made up, whereupon the trial court on March 9, 1926, filed its findings of fact and conclusions of law, and also filed its interlocutory decree in conformity therewith, decreeing an accounting and partition, providing for the appointment of a referee to take such accounting and report upon the same and upon such partition to the court. Thereafter and on April 6, 1926, the defendant D. A. Deacon gave and filed his notice of intention to move for a new trial, which motion, however, was never brought on for hearing. The referee filed his report on June 21, 1926, whereupon the plaintiff and the cross-defendant Roark gave notice of a hearing thereon and of a motion for the adoption thereof and for the entry of a final judgment in accordance therewith, which motion came on for hearing before the court on June 28, 1926, whereupon the trial court made and entered its final decree of accounting and partition, wherein it was recited that the report of the referee as modified and amended by the court had been approved.

Said final decree was filed on June 29, 1926. No notice of entry of such judgment was given, but on July 9, 1926, the defendant D. A. Deacon served and filed another notice of intention to move for a new trial. A hearing thereon was had on September 27, 1926, whereupon counsel for the plaintiff and intervener Roark objected to further proceedings thereon and moved for a dismissal thereof upon the ground that the notice of motion was not made or the matter brought to a hearing within the time prescribed by law. The trial court upon such hearing made and entered its order dismissing the proceedings for a new trial, said order being dated September 27, 1926. The notice of appeal herein was served and filed by the defendant D. A. Deacon on September 27, 1926. [1] It would appear from the foregoing state of the record that the first ground upon which the respondents move to dismiss this appeal is without merit, for the reason that between the date of the entry of the judgment herein, namely, June 29, 1926, and the date of taking the appeal, there was pending a proceeding on motion for a new trial pursuant to the defendant's notice of intention to move for a new trial, which was filed on July 9, 1926, and which was apparently dismissed by the trial court on September 27, 1926. The time within which the motion for new trial must be passed upon would not have expired within the sixty-day period provided by section 660 of the Code of Civil Procedure, since no notice of the entry of judgment had been given as provided in said section, and the notice of appeal herein would therefore have been in time, since the same was served and filed within the period after the determination thereof, provided in section 953a of the Code of Civil Procedure.

[2] As to the second ground upon which the respondents predicate their motion to dismiss this appeal, to wit, that the judgment was a consent judgment, from which no appeal would lie, the record discloses the following additional facts: The judgment does not upon its face purport to be a consent judgment. The respondents in support of their motion upon that ground present certain affidavits tending to show that the final judgment herein was agreed to in a conference between the attorneys of record of the respective parties and the judge of the trial court had at the time of the hearing upon the report of the referee,

with the details of which all of the parties to the actions and their counsel appeared to have been dissatisfied. Upon such a conference the trial court undertook to amend and modify the referee's report in order to meet the objections urged thereto; and having done so the final judgment herein was accordingly prepared and filed. It is upon these facts that the respondents predicate their claim that the judgment is a consent judgment. On the other hand, the appellant strenuously opposes this view with his own affidavit to the effect that he had instructed his counsel not to agree to any consent or compromise judgment, and that whatever they had done in that regard had been done without his knowledge and in violation of his instructions. The record further discloses that almost immediately after the making and entry of the judgment the appellant discharged his attorneys of record and employed other counsel, through whom he is resisting this motion and is engaged in prosecuting this appeal, in the course of which his substituted counsel have prepared and served the appellant's opening brief, wherein the integrity of said judgment is assailed upon a number of grounds. The determination of the question as to whether the appellant was injuriously affected by the action of his former counsel in apparently agreeing to the form of the final judgment, would require an examination of the entire record herein and would involve in a large measure a consideration of the merits of the present appeal; the motion of the respondents upon this latter ground is one which is addressed to the discretion of the court, and we have concluded to exercise this discretion in favor of hearing this appeal upon its merits.

The motion of the respondents to dismiss this appeal upon both grounds is therefore denied.

Waste, C. J., Langdon, J., Shenk, J., Seawell, J., Curtis, J., and Preston, J., concurred.