[Civ. No. 6168. Second Appellate District, Division Two.—October 2, 1928.]

F. S. AREGOOD, Respondent, v. W. I. TRAEGER, Appellant.

Charles W. Cradick for Appellant.

Youngworth, McClean & Hartman for Respondent.

THOMPSON (IRA F.), J.—This is a motion to dismiss an appeal on the ground that the notice of appeal was not filed within the time required by section 939 of the Code of Civil Procedure. Judgment was entered on August 13, 1926. Notice of intention to move and motion for a new trial were filed on October 1, 1926, and an order denying the motion was entered in the minutes on January 21, 1928. Notice of appeal was not filed until July 6, 1928. Prefacing the more general discussion and to avoid possible con-

fusion it should be added that no notice of entry of judgment appears to have been filed, hence under the opinion in *Deacon* v. *Deacon*, 201 Cal. 190 [255 Pac. 798], the power of the court to pass upon the motion for a new trial had not expired at the time of the entry of the order denying it on January 21, 1928. No notice of this latter ruling was served upon defendant.

The appellant contends that where a motion for a new trial is pending the time within which an appeal may be taken does not expire until "ten days after notice of decision denying said motion, or of other termination thereof." He bases this argument upon his assertion that section 953a of the Code of Civil Procedure from which we have just quoted provides an alternative method of appeal and places great reliance upon a sentence found in *Deacon* v. *Deacon, supra,* as follows: "The time within which the motion for new trial must be passed upon would not have expired within the sixty-day period provided by section 660 of the Code of Civil Procedure, since no notice of the entry of judgment had been given as provided in said section, and the notice of appeal herein would therefore have been in time, *since the same was served and filed within the period after the determination thereof, provided in section 953a of the Code of Civil Procedure.*" (Italics ours.) The question whether the notice of appeal was filed within time after the order dismissing the motion for a new trial was not involved in the Deacon case, the notice of appeal having been filed on the same day the order was entered in the minutes. The point there involved was whether the power of the court to pass on the motion for a new trial had expired. It is obvious therefore that the portion of the sentence which we have italicized is *dictum* and it is not at all clear that "953a" was not inadvertently used in place of "939." At least it cannot be said to be controlling. On the other hand, our courts have uniformly declared that sections 953a, 953b, and 953c provide an alternative method of preparing a record on appeal. (*Magee* v. *Magee,* 174 Cal. 276 [162 Pac. 1023]; *Schmitt* v. *White,* 172 Cal. 554 [158 Pac. 216]; *Anderson* v. *Standard Lumber Co.,* 60 Cal. App. 445 [213 Pac. 65].) In denying a hearing in the supreme court after decision by the district court of appeal in the

case of *Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1026], the higher court said:

"The District Court of Appeal, in its opinion, says that section 953a of the Code of Civil Procedure 'provides that the appellant shall file his notice of appeal with the clerk.' This section has been misapprehended by some practitioners, and lest there be further misapprehension by reason of this language we take occasion to correct it.

"Section 953a does not provide at all for a notice of appeal. The purpose of that section, in connection with sections 953b and 953c, is to provide a method of preparing the record or transcript to be filed in the proper appellate court in support of the appeal. None of the proceedings there prescribed are jurisdictional to the appeal."

 This language is so clear and unambiguous that it would preclude further argument or observation were it not for the fact that appellant urges that when, in 1915, the legislature inserted in the section the words "Or for the purposes of presenting a record on appeal from any appealable judgment or order, or for the purpose of having reviewed any matter or order reviewable on appeal from final judgment" it evinced an intent to change the purpose of the act so as to include a method of taking an appeal, which intent he says is further evidenced by the fact that the legislature in 1921 (Stats. 1921, p. 193), repealed sections 941a, 941b, and 941c, which sections had provided an alternative method of taking an appeal. We do not interpret the legislative mind in this manner. In 1915 the right of an appeal from an order denying a motion for a new trial was abolished by other amendments to the Code of Civil Procedure and provision was made whereby the appellate courts might review any order on motion for a new trial upon an appeal from the judgment, a thing which was not theretofore possible. In order to accomplish this purpose procedurally it was necessary for the courts to have the record subsequent to judgment and the legislature added the words "or for the purpose of having reviewed any matter or order reviewable on appeal from final judgment" and also provided that the notice prerequisite to the preparation of the transcript should not necessarily be given until after the motion for the new trial was disposed of. In support of this interpretation of the section reference may be had to

*Schmitt* v. *White, supra,* and also to two late cases wherein it is said that "it is no objection to the notice that it is a part of the same paper that directed the clerk to prepare a record as the dual purpose may be accomplished by one paper." (*Anderson* v. *Standard Lumber Co., supra,* and *Wright & Hogan, Inc.,* v. *Heide,* 72 Cal. App. 16 [236 Pac. 219].) Our conclusion is that section 939 of the Code of Civil Procedure provides the only method of taking an appeal in this character of action, and that inasmuch as that section limits the time to thirty days after entry of the order determining the motion for a new trial, this notice of appeal was filed too late.

Appeal dismissed.

Works, P. J., and Craig, J., concurred.