[Civ. No. 3653. Third Appellate District.—October 14, 1929.]

CLARA E. DEACON, Respondent, v. DANIEL A. DEACON, Appellant.

Glen H. Munkelt for Appellant.

Sloane & Sloane for Respondent.

PLUMMER, J.—This is an action for an accounting and partition of certain property described in the plaintiff's complaint. The record shows that on and prior to the fourteenth day of July, 1923, the plaintiff Clara E. Deacon and the defendant Daniel A. Deacon were husband and wife; that on said date an agreement settling and adjusting their property rights was executed and acknowledged. This agreement recited that the parties had separated on the thirteenth day of March, 1923, were living apart, and that an action for divorce had been instituted; and for the purposes of settling and adjusting the property rights of the respective parties it was agreed, among other things, that the defendant Daniel A. Deacon should pay to the plaintiff certain sums of money for her support and for the support of the children, the issue of said marriage. Said agreement also provided that there should be set apart, and said agreement purported to set apart and convey to the plaintiff, as her separate property, a certain dwelling-house, the furniture therein, and the lot upon which it is situated, the lot in question being described as the south fifty feet of the north 100 feet of lots 1, 2, 3 and 4 in block number 456 of Seaman's Addition to the city of San Diego. The agreement further provided that the mortgage encumbrance on said property in the sum of $2,500 should be assumed and paid by the defendant Daniel A. Deacon. The agreement then provided for the setting aside to the defendant Deacon of certain property known as the south twenty-five feet in block 59, Horton's Addition to the city of San Diego, and the store situated thereon, and the stock of merchandise then in said store building. The agreement then described other real property belonging to the parties entering into the agreement, and described the same as the community property of Daniel A. Deacon and Clara E. Deacon. It was further provided that the community property should be disposed of and applied to the payment of the community debts, and the excess, if any, divided equally between the parties entering into the agreement. The record shows that within a short time after the execution of this agreement, a divorce was granted to the plaintiff Clara E. Deacon from

the defendant Daniel A. Deacon. It does not appear that any mention was made of the community property in the decree of divorce, nor does it appear that the property settlement to which we have referred was considered by the trial court, or adopted as a settlement of the property rights of the respective parties in the decree of divorce granted as aforesaid. The record shows that the community property referred to remained in the possession of the defendant Daniel A. Deacon for about two years, during which time he collected the rents and profits thereof, and according to the findings of the court, did not render any account of the same to the plaintiff in this action. In this connection, however, it may be stated that the defendant Daniel A. Deacon, during said two years, applied the sum of approximately $16,000 toward the payment of the community debts existing on the fourteenth day of July, 1923. Upon the hearing of the action the trial court determined that an accounting should be had and appointed a referee to take such an accounting and report to the court the condition of the accounts between the parties and the status of the community property. This report shows that at the date of the execution of the agreement referred to the community debts aggregated the sum of $36,945.43; that at the same date the possible community assets were of the value of about $29,300; that during the two years intervening between the execution of the property agreement and the beginning of this action the defendant Daniel A. Deacon had advanced out of his own property toward the payment of community debts the sum of $16,355.43, which was a charge against the community property. The record thus shows that at the date of the execution of the property settlement the liabilities of the community exceeded the assets in the sum of $7,645.43.

In the agreement settling the property rights there was listed as community property the undivided half of the westerly half of lots 7 and 8, block 60, Middletown, city of San Diego, upon which there was situated an apartment house known as the ''Ivy Apartments,'' including as well a like interest in the furniture and furnishings in said apartment house. After the beginning of the action herein, as just mentioned, the defendant and cross-complainant, A. T. Roark, filed a complaint in intervention setting forth

his interest in said property, by which it appears, and also, as found by the court, he owned a one-half interest subject to the payment by him of a mortgage existing on said property in the sum of $6,500, which he had assumed and agreed to pay. The court in its decree, after finding the status of the property, among other things, directed that the property which we have mentioned, and known as the "Ivy Apartments," be sold; that from the one-half interest of the said A. T. Roark in and to said property and the proceeds, there be deducted, first, the sum of $6,500 on account of the mortgage thereon which he had assumed and paid. It was further provided in the decree that said property should not be sold unless there could be obtained therefor a price of at least $14,000 in excess of the existing mortgage of $6,500 thereon, and the discharge and cancellation, in addition thereto, of the mortgage existing thereon in the sum which we have mentioned. The decree further provided that out of the proceeds of the sale of said Ivy Apartments, the mortgage existing upon the homestead setting aside to the plaintiff in the sum of $2,500 should be paid and discharged, being the mortgage which the defendant Daniel A. Deacon had assumed and agreed to pay in the agreement adjusting the community rights of the parties entered into on the fourteenth day of July, 1923. The decree then provided that all of the community, real and personal property other than the Ivy Apartments should be set over and awarded to the said Daniel A. Deacon, subject to the obligations and liens existing thereon, and that the plaintiff Clara E. Deacon should forthwith execute a good and sufficient quitclaim deed or deeds and bill of sale conveying and transferring to said Daniel A. Deacon all of said community property, and that the acceptance by said Daniel A. Deacon should be an assumption by him of the community indebtedness referred to in the decree, and that he should thereafter save harmless the said Clara E. Deacon from all liability arising therefrom. The decree then provided for the appointment of a referee to sell the Ivy Apartments and the proceeds of the sale of said premises apportioned as directed in the decree, and then further ordered "that there be allowed and adjudged and paid as attorney's fees to Sloane & Sloane as attorneys for the plaintiff in this action the sum of $1500.00; to Wright & McKee, as attorneys for

defendant Daniel A. Deacon, and the defendant The First Trust & Savings Bank of San Diego, the sum of $1500.00.'' Costs were allowed the referee in the sum of $490. Likewise, there was allowed and made a charge against the community property, the sum of $200 for an abstract of title obtained by the plaintiff. The record further shows that Sloane & Sloane as attorneys for the plaintiff had obtained the sum of $607.29 on account of attorney's fees, out of the community property, which should be charged against them.

In the order of the questions raised upon this appeal, we will first consider the contention of the respondents that the decrees entered in this proceeding were consent decrees, that is, that the parties to the action stipulated to the entry of the various decrees and the making of the various orders of the trial court, and therefore are bound by the same upon this hearing. While certain papers in connection with the motion heretofore made in this cause for a dismissal of the appeal indicate to some extent that the attorneys for the parties did stipulate, at least as to the form of the orders and decrees to be made, and that were made by the trial court, and to some extent that the substance of the decrees was stipulated and agreed to by counsel for the respective parties, there is absolutely nothing in the record upon this appeal which we can consider indicating in any particular that a single order or decree made by the trial court in this proceeding was upon any kind of an agreement or stipulation. The affidavit submitted upon the motion heretofore presented to the Supreme Court and denied as appears in the case of *Deacon* v. *Deacon,* reported in 201 Cal. 190 [255 Pac. 798], are no part of the transcript upon this appeal, and therefore no question of an agreed or stipulated judgment is open for our consideration.

We do not need to determine whether the property settlement as evidenced by the agreement to which we have referred, constituted the plaintiff Clara E. Deacon and the defendant Daniel A. Deacon, tenants in common, because it is evident that when the decree of divorce was granted without any mention of the community property of the spouses, their relationship thereto immediately became that of tenants in common. (See *Estate of Brix,* 181 Cal. 667, and cases cited on page 676 [186 Pac. 135, 138].)

Under the provisions of section 752 of the Code of Civil Procedure, tenants in common are entitled to institute and maintain partition proceedings. This section of the code answers the contention of the appellant that partition proceedings cannot be maintained in actions such as are presented upon this appeal.

We come next to that provision of the decree of partition which provides for the disposal or sale of the Ivy Apartments and the application of the proceeds. The appellant contends that the court had no authority to direct that out of the proceeds the mortgage on the homestead set aside to the plaintiff should be first discharged. This was an obligation resting upon the defendant Daniel A. Deacon, and we do not very well see how he is in anywise prejudiced by this provision in the decree. True, there is no finding in the decree that the defendant Deacon had been remiss in any particular in his management of the community property, or of the property in which he and the plaintiff were in law, tenants in common, but under the provisions of section 752 of the Code of Civil Procedure the plaintiff had a right to institute and maintain partition proceedings irrespective of the manner in which the business was being conducted by the defendant Daniel A. Deacon, and the argument of the appellant in this particular need not be considered or further referred to in this opinion.

The agreement obligated the defendant Daniel A. Deacon to discharge such mortgage, and, therefore, it was proper for the trial court, upon ordering the sale of the Ivy Apartments, to decree that out of the proceeds, this mortgage should be paid and the proceeds divided in the manner set forth in the decree, which followed the terms of the agreement, save and except that it provided for the payment of the referee's costs and the attorney's fees, which we have heretofore mentioned.

The appellant further contends that the court had no jurisdiction to allow the sum of $1500 as attorney's fees to Sloane & Sloane as attorneys for the plaintiff in this action, nor to allow Wright & McKee, as attorneys for the defendant in this action, the sum of $1500. Section 796 of the Code of Civil Procedure allows a court, upon partition, to include reasonable counsel fees expended by the plaintiff or either of the parties, for the common benefit, fees of

referees and other disbursements. There is no finding to the effect that any attorney's fees have been expended or obligations for attorney's fees incurred by any of the parties, for the benefit of any of the parties. While the section to which we have referred does purport to allow attorney's fees in partition proceedings, there is no provision in the codes allowing attorney's fees for an action seeking an accounting. The decree of the court does not purport to fix the attorney's fees for the partition part of the action. The action is twofold in its nature, really an action for an accounting, and then an action for partition. So far as the accounting proceedings were concerned, the court had no jurisdiction to allow attorney's fees. The record in this case shows and establishes beyond doubt that practically all of the services rendered by counsel were connected with the accounting proceedings. The partition relates to only one piece of property, and while the court had jurisdiction to allow compensation for the services in so far as it pertained to the partition of the particular property decreed to be partitioned or, rather, sold, and the proceeds divided, it could not make an allowance of a lump sum covering the attorney's fees for the entire action. The record fails to show, as we have said, that the court made any finding as to the fact of any expenditures having been made or incurred for the common benefit of the plaintiff or either of the parties. The only possible benefit that the record shows rendered in this case for any of the parties is that portion of the decree providing that "when the Ivy Apartments are sold, $2500.00 of the proceeds shall be applied to the payment of the mortgage subsisting upon the homestead further set aside to the wife." The decree leaves the remainder of the property practically in the status where it was found, though it does show that the defendant advanced a considerable sum of money toward paying off the community obligations. ▇ By reason of the order hereinafter to be made we do not deem it necessary to discuss the contention of the appellant that the allowance of attorney's fees is excessive, but will content ourselves with the statement that in the allowance of attorney's fees for the services performed by the attorneys in this case, in so far as it related to the partition or, rather, sale of one piece of property, the court should consider the fact that the referee's report

shows the bankruptcy of the estate to the extent of several thousand dollars.

Returning again to that portion of the decree relating to the execution of deeds and bills of sale by the plaintiff to the defendant Daniel A. Deacon, it is evident that no injury can be suffered by him, for the simple reason that the decree does not make it obligatory upon him to accept the deed under the conditions there mentioned. The contention of the appellant that the decree takes from the possession of the defendant Daniel A. Deacon the management and control of the community property vested in him by the agreement entered into between him and the plaintiff does not appear to be well taken. The property agreement fails to mention the subject of possession of the property of which the parties, after the decree of divorce, became tenants in common, further than to provide that both parties should co-operate in the disposition thereof. The limitation as to the sale price of the Ivy Apartments, though appearing to be beyond the jurisdiction of the court, as the court has full power to determine the adequacy of the price paid for the property upon return of the sale, appellant's contention that the judgment should be reversed for that reason is not tenable, as it may be stricken therefrom without affecting the material rights of any of the parties.

It follows from what has been said that the judgment of the trial court is affirmed, save and except as to that portion thereof providing for the payment of attorney's fees, and also that portion limiting the sale price, which is hereby stricken from the decree. As to that portion fixing the attorney's fees, the judgment is reversed and remanded to the lower court for further proceedings. The appellant will have and recover his costs on appeal, but such costs are hereby made a charge against the community property, payable out of the proceeds, if any there be after the discharge of the community obligations found to be existing as of the date of July 14, 1923.

Thompson (R. L.), J., and Finch, P. J., concurred.