[Sac. No. 4859.  In Bank.—February 26, 1935.]

HARRY  W.  WERNSE,  Respondent,  v.  THEODORE  C.
DORSEY, Appellant.

Warren E. Sisson for Appellant.

Vernon Stoll and Sherman & Peters for Respondent.

PRESTON, J.—Plaintiff and respondent Harry W. Wernse and defendant and appellant Theodore C. Dorsey were owners of equal interests in certain mining ground in Nevada County known as the West Point Quartz Mining Claim. The interest of respondent was encumbered by deed of trust to secure an indebtedness of $10,000 in 'favor of a predecessor in ownership of said interest. Respondent filed this action in partition alleging the necessity of sale of the property in lieu of a partition in kind, making no reference in his complaint to said deed of trust. Appellant answered admitting the title and interest as alleged, but denying the necessity of a partition sale. The case, upon notice, was duly set for trial June 14, 1933. Appellant, acting advisedly, neglected to attend said trial. Evidence was received and an interlocutory decree of partition followed, with a specification therein setting up the above-mentioned encumbrance upon the interest of respondent. A single referee was appointed to conduct the sale. Said decree became final, whereupon the present counsel for appellant came into the case.

The interlocutory decree, as entered on July 5, 1933, showed upon its face the following deficiencies, prejudicial to appellant: 1. The lien claimant was neither made a party to the action nor was a referee appointed to inquire into the amount or the *bona fides* of the lien as contemplated by sections 761 and 762 of the Code of Civil Procedure; 2. The sale was necessarily to be subject to said lien inasmuch as the court failed to order the property sold free of liens or to order satisfaction of said lien out of the share of the proceeds of sale belonging to respondent; 3. The decree not only allowed a sale subject to the lien on respondent's interest but actually provided that the amount received at the sale should be equally divided between the parties.

Appellant, on September 23, 1933, moved under section 473 of the Code of Civil Procedure to vacate the default judgment entered against him, basing his motion upon a showing of excusable neglect and, among other things, upon the matters appearing upon the face of the decree as above outlined. This motion was heard and denied on September 28, 1933. Thereafter the commissioner advertised said prop-

erty for sale, subject to said lien of said deed of trust and thereafter, to wit: on September 29, 1933, the sale was conducted and the purchaser thereat bid for the property, subject to said lien, the sum of $1100. Respondent thereupon on October 9, 1933, gave notice that on October 20th he would move the court for an order confirming the sale. On the same day, October 9th, appellant also gave notice of motion, to wit: that on October 20th he would again move the court to vacate and set aside said judgment by default, which motion would be based on substantially the same grounds urged in his first application. He also interposed objections to confirmation of said sale upon practically the same grounds on which he attacked the interlocutory judgment.

A hearing was had upon both of these matters and evidence taken, the result of which was an order made October 24, 1933, denying appellant's motion to vacate the default decree and an order confirming the sale. Formal order of confirmation of the sale was made on November 3, 1933. Appellant is now before us with an appeal from both said orders of the court, to wit: the order denying his motion and the order confirming the sale.

We think that appellant's motions to set aside should have been granted and failure to grant one or the other of them constituted such an abuse of discretion as to warrant our interference. Under the pleadings as they existed when appellant made default, no such injurious consequences of a default were apparent or could have been foreseen by him. A decree of sale upon the basis of a clear title and an equal division of the proceeds was all that appellant could logically expect to result from his default. But he has found himself sharing the burden of a $10,000 indebtedness with the respondent, an indebtedness for which he is in no sense liable. This should not be.

While it is allowable to decree a sale in partition subject to a lien, where the lien is upon the united interests of all claimants to the property, we cannot see how such a decree can properly be made where only one undivided interest is subject to the lien. The only just procedure would seem to be to sell the property free of liens and satisfy the lien against the interest of the joint owner by deducting from his share of the proceeds the amount of his indebted-

ness. This procedure was followed in this state on at least two occasions: *Deacon* v. *Deacon,* 101 Cal. App. 195 [281 Pac. 533] ; *Holt* v. *Holt,* 131 Cal. 610 [63 Pac. 912].

In 47 Corpus Juris, page 617, section 946, this conclusion is justified by the following: "When proper notice has been given to encumbrancers in accord with the statutory requirements, a conveyance to the purchaser under a partition sale is a bar against all such persons having general liens or encumbrances by judgment or decree on any undivided share or interest in the property sold. The sale extinguishes encumbrances on the undivided portions, and transfers them to the proceeds allotted to the individuals on whose undivided interests the encumbrance formerly rested. . . . "

Freeman on Cotenancy and Partition, second edition, section 479, page 638, discussing a kindred situation, says: "If no means were provided by which the existence of liens against a cotenant's moiety could be brought to the attention of the court, great injustice would be done. The lands would be sold at a sacrifice owing to the existence of such liens; while the cotenant against whose moiety the lien existed would claim his proportion of the proceeds of the sale, without allowing any deduction on account of the lien. The authority of courts to order a sale of the property of cotenants is based upon statutes all of a comparatively modern date. These statutes will, on examination, be found to contain provisions by means of which either of the cotenants in the partition suit may have all the liens chargeable upon the property ascertained, and may have such a disposition made of the proceeds of the sale as will protect him from loss."

The proceedings to confirm the sale, being based upon the erroneous and injurious interlocutory decree, must of necessity be affected by the same infirmities.

Accordingly, both orders appealed from are reversed with directions to the court below to vacate the interlocutory decree in partition, and all subsequent proceedings, and to take the steps required by sections 761 and 762 of the Code of Civil Procedure with respect to lien claimants and to otherwise proceed with the cause in a manner consistent with the holding here made.

Shenk, J., Thompson, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.