[Civ. No. 3280. Fourth Dist. Jan. 18, 1945.]

BESSIE L. CATHCART, Respondent, v. REDLANDS SECURITY COMPANY (a Corporation) et al., Appellants.

Fred A. Wilson for Appellants.

Jesse W. Curtis, Jr., for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action to partition certain real property under the provisions of

section 752 *et seq.* of the Code of Civil Procedure. It is alleged that plaintiff and defendant Redlands Security Company, a corporation, hereinafter referred to as the company, are the owners as tenants in common of the real property described in the complaint; that plaintiff is the owner of a three-fourths interest and that defendant company is the owner of a one-fourth interest therein; that defendants are in possession thereof; that on February 20, 1931, plaintiff executed to defendant company a promissory note for $18,000 secured by a trust deed, in the usual form, constituting a first lien upon plaintiff's three-fourths undivided interest; that defendant Security Title Insurance & Guarantee Company, a corporation, is named as trustee therein. The petition prays for a partition of the real property and if partition cannot be had that the premises be sold, etc. Defendant company answered and after trial the court found the allegations of the complaint to be true and ordered, by interlocutory judgment, that partition of the premises be made in accordance with the several respective interests of the parties and that in case partition cannot be so made without prejudice thereto then compensation shall be made by one of the parties to the other for equality of partition. The order appointed three referees with full power and authority to make partition accordingly and report thereon to the court in accordance with the provisions of the Code of Civil Procedure above mentioned.

The factual background of the present action is disclosed in *Cathcart* v. *Gregory,* 45 Cal.App.2d 179 [113 P.2d 894]. At the trial defendants placed in evidence the judgment so affirmed on appeal. This action was instituted to effect partition of the portion of the 280 acres referred to in that decree which remained after the conveyance by the company to plaintiff of the parcels and releases therein set forth. Defendants appealed from the interlocutory judgment.

 It is now argued first that division in kind cannot be made where an undivided interest is incumbered and that therefore the interlocutory judgment should have provided for a sale of the property and payment of the trust deed out of the plaintiff's three-fourths of the net proceeds, citing *Wernse* v. *Dorsey,* 2 Cal.2d 513, 515 [41 P.2d 935]; *Deacon* v. *Deacon,* 101 Cal.App. 195 [281 P. 533]; *Holt* v. *Holt,* 131 Cal. 610 [63 P. 912]. These cases are authority for quite a different rule of law from that contended for by defendants.

They hold that in the event the court decrees the property should be sold rather than partitioned in kind, that the property should be sold free and clear of all liens and the lienholders are to be satisfied out of the share of the proceeds coming to the person upon whose interest the lien previously existed.

In the instant case, the defendant company, holding a lien upon the plaintiff's undivided interest in the property, and being a party to the action, may be properly required to substitute therefor a lien upon that portion of the property which the court may ultimately award to the plaintiff as her share upon partition, such a lien to attach, however, only after the property has been charged with its just proportion of the cost of partition. There was no evidence introduced at the time of the trial which would indicate in the least the impropriety or undesirability of partitioning the property in question in kind. The trial court's direction to so partition it has the full support of the authorities of this state.

In 93 American Law Reports 1267, 1272, the general rule is stated ". . . that when a judicial partition is made in kind, an existing lien on an undivided interest in the whole attaches to the land allotted to the cotenant against whose interest the lien was a charge." (See, also, Code Civ. Proc., § 769; 20 Cal.Jur. p. 656, § 68; *Oliver* v. *Sperry,* 220 Cal. 327 [30 P.2d 402].)

█ It is next argued that the judgment in the case. of *Cathcart* v. *Gregory, supra,* has created a new and different estate and one which cannot be properly partitioned because the judgment provides that the remaining parcel of land be deeded to the Security Title Insurance & Guarantee Company by both the defendant company and plaintiff and that the trust company hold the same as trustee for the purposes set out in the judgment; that the trustee was to convey it to the plaintiff upon the payment of certain sums of money specified in the judgment on or before April 8, 1939, and that in the event the plaintiff failed to deliver to the trustee the amount specified, then the trust would *ipso facto* be terminated on that date and the trustee must then convey to plaintiff the property conveyed by her and that the trustee should forthwith proceed to sell the property under the trust deed; that in the event of default of the plaintiff in making the payments, the trustee should reconvey to defendant company the undivided one-fourth interest in the property.

It becomes apparent that an express trust was created by the judgment for a limited time and for a particular purpose. It consummated its purpose and was terminated on April 8, 1939. The property was then reconveyed to the defendant and the plaintiff herein in accordance with the respective interests held by each prior to the entry of the judgment. Respondent's interest was held, however, subject to the trust deed in favor of the defendant company. At the time this action was brought, the trust was no longer in effect. The title then stood and now stands in the name of the defendant to the extent of an undivided one-fourth interest in the remaining parcel of land and in the plaintiff to the extent of an undivided three-fourths interest therein subject to the note and deed of trust. The judgment obviously contemplates a continuance of the security relationship. There is nothing in the judgment which in any way destroys the cotenancy of the property described in the complaint or dedicates it to a special purpose, precluding partition. The argument that it would now be inequitable to allow plaintiff to retain, free and clear of encumbrance, the parcels deeded to her and, by partition, compel defendants to resort only to the parcels set aside as plaintiff's three-fourths of the remainder for its security on the trust deed is equally untenable.

Defendant company, in accordance with the stipulation and judgment, has heretofore conveyed its one-fourth interest in and has released any right to a lien on that property which was conveyed to plaintiff, and has also released it from any indebtedness. Defendants cannot now complain because the security under the trust deed will be diminished if a partition of the remainder of the 280 acres is ordered.

The judgment, as entered in the original action, was by stipulation, and contemplated the very action taken. No provision was made therein whereby the deeded portion would again be subjected to the lien of the trust deed. It cannot here be said that the trial court abused its equitable discretion in failing to order a lien thereon. (*Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305 [77 P.2d 301].) The argument that plaintiff is in contempt of court because she failed to make the payments required by the stipulation and judgment is not meritorious. The stipulation and judgment made adequate provision for the procedure followed in case of default in payment by her.

Other questions raised are equally untenable. No prejudice or abuse of discretion appears from the record before us. ██ Section 765 of the Code of Civil Procedure provides that the referees must make a report of their proceedings and any party may move the court to confirm, change, modify or set aside such report and the court, in section 766 thereof, has the power so to do. The report of the referees is not final until approved by the court and adopted in its judgment.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied February 15, 1945, and appellants' petition for a hearing by the Supreme Court was denied March 15, 1945.