[Civ. No. 18911. Second Dist., Div. Three. Aug. 6, 1952.]

SAM A. ZIMBEROFF et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Respondent.

Sam A. Zimberoff, in pro. per., for Appellants.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer and Alfred T. Twigg for Respondent.

SHINN, P. J.—On November 3, 1947, Sam and Harriet Zimberoff, being the owners of an undivided interest in real property, executed and filed of record a declaration of homestead; July 6, 1948, the defendant bank caused to be levied on the property an attachment in an action against Zimberoff and wife; November 29, 1950, Zimberoff and wife brought the present action to quiet title; December 27, 1950, they sold and conveyed by grant deed to plaintiffs David M. Hertz and Reba S. Hertz, their half interest in the property for $7,625. At the time of trial the bank held a judgment against Harriet Zimberoff in the attachment action in the amount of $1,327 and interest; an abstract of judgment had been recorded prior to the deed to Hertz but the action in which judgment had been obtained was still pending and undetermined against Sam Zimberoff. Execution had been issued and levied but no sale had been made. Hertz and wife were joined as plaintiffs after they purchased the property.

The decree read as set out below.[1] Plaintiffs Zimberoff appeal from the judgment; Hertz and wife do not appeal.

---

[1] "Now, THEREFORE, it is ordered, adjudged and decreed that Plaintiffs take nothing by virtue of their complaint.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a national banking association, has to the extent of the interest of said Plaintiff, SAM A. ZIMBEROFF, in the real property hereinafter described, as of July 6,

The bank filed an amended answer alleging the property had been conveyed to Hertz and wife and that the homestead was thereby abandoned. Thereafter on motion of Zimberoff and wife they, with Hertz and wife, were substituted as plaintiffs instead of the Zimberoffs alone.

■ After the conveyance to Hertz and wife they could have been substituted as plaintiffs or the action could have been maintained in the names of Zimberoff and wife. (Code Civ. Proc., § 385.) ■ If there had been no substitution the Zimberoffs would have maintained the action, including proceedings on appeal, for the benefit of their grantees. (*Knobloch* v. *Associated Oil Co.*, 170 Cal. 144 [148 P. 938].

■ Since the Zimberoffs remained as parties plaintiff they would have had a right to prove they had not conveyed the property, or that they retained some interest in it. The record contains no such evidence, but, upon the contrary, establishes that they have parted with all interest in the property. ■ After the substitution was made the Zimberoffs were representing themselves alone. As to the plaintiffs Hertz the judgment is final and must be affirmed. Upon the record that is before us it appears that the Zimberoffs are not aggrieved by the judgment and that it should be affirmed as to them also.

1948, or subsequently acquired by said Plaintiff, SAM A. ZIMBEROFF, and to the extent of the interest of said Plaintiffs, DAVID M. HERTZ and REBA S. HERTZ, as successor to the interest of said Plaintiff, SAM A. ZIMBEROFF, and to the extent of the interest of any other successor in interest thereof, a valid and effective lien thereon by virtue of an attachment of said real property hereinafter described, in that certain action in the Municipal Court in the City of Los Angeles, County of Los Angeles, State of California, entitled, 'BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a national banking association, Plaintiff, v. SAM A. ZIMBEROFF and HARRIET L. ZIMBEROFF, Defendants,' being Action No. 874,565, said lien being for the amount prayed for in the complaint in said action, namely, $1,327.50, plus interest at 1% per month from September 15, 1949, and the costs of suit therein; and also has to the extent of the interest of Plaintiff HARRIET L. ZIMBEROFF, in the real property hereinafter described, as of July 6, 1948 or subsequently acquired, and to the extent of the interest of said Plaintiff DAVID M. HERTZ and Plaintiff REBA S. HERTZ, as successors to the interest of said Plaintiff, HARRIET L. ZIMBEROFF, and to the extent of the interest of any other successor in interest thereof, a valid and effective lien thereon by virtue of an attachment of said real property hereinafter described in connection with said action, and a Writ of Execution levied on said real property hereinafter described under and by virtue of a valid and effective judgment entered therein in said action against said HARRIET L. ZIMBEROFF for the amount of $1,387.63, plus interest thereon at 7% per annum from December 14, 1949. [Description.]''

The bank, by its amended answer, prayed that its lien be declared superior to any claim to a homestead exemption. The judgment does not so declare. The property was subject to attachment to the extent of any excess of value above the homestead exemption. (*Marelli* v. *Keating*, 208 Cal. 528 [282 P. 793]; *Southern Pac. Milling Co.* v. *Milligan*, 15 Cal.2d 729 [104 P.2d 654].) The judgment is uncertain in that it specifies as subject to the lien the interests that the Zimberoffs had as of the date the attachment was levied, at which time there was a right to a homestead exemption, and only the excess of value was subject to attachment. However, upon the appeal of the Zimberoffs, the decree must stand as it is, without clarification or modification.

The judgment is affirmed.

Vallée, J., concurred.

Wood (Parker), J., being disqualified, did not participate.