Filed 11/20/23  Sheats v. Sheats-Okaidjan CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SHAWENTI SHEATS,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>PATRICIA SHEATS-OKAIDJAN,<br><br>        Defendant;<br><br>GOLTHA GREEN,<br><br>        Appellant. | B319734<br><br>(Los Angeles County<br>Super. Ct. No. BC664896) |

        APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Dismissed.

        Law Office of Freddie Fletcher and Freddie Fletcher for Appellant Goltha Green.

        Gordon | Gordon | Lawyers and Errol J. Gordon for Plaintiff and Respondent Shawenti Sheats.

————————

Appellant Goltha Green, as the successor in interest to Joseph Gonzalez, challenges an order from an action for partition between four siblings, including plaintiff and respondent Shawenti Sheats. The challenged order required the court clerk to execute, on Gonzalez's behalf, a full reconveyance of Gonzalez's deed of trust encumbering the property at issue in the partition action, as well as a beneficiary demand seeking payment under the corresponding promissory note held by Gonzalez. We agree with respondent that this order is not appealable and dismiss the appeal.

## FACTUAL BACKGROUND

### A. *Underlying Lawsuit for Partition*

In 1996, four siblings—Shawenti Sheats, Patricia Sheats-Okaidjan, Brian Dent and Roxanne Hart—were each granted a quarter ownership interest, as tenants in common, in real property (the property). Sheats-Okaidjan forged a series of deeds transferring title to the property solely to herself, then procured a series of loans secured with deeds of trust on the property. The three defrauded siblings commenced an action against her, the operative complaint in which alleged causes of action for partition and declaratory relief. In 2019, the court entered an interlocutory judgment reinstating the siblings' interests in the property. The case, however, continued for several years thereafter, in connection with efforts to partition the property by selling it and distributing the sale proceeds.

### B. *Loan to Appellant's Predecessor in Interest Secured by the Property*

In 2018, Hart and respondent borrowed $45,000 from Gonzalez, and executed a promissory note. They also executed a junior deed of trust encumbering "the one-quarter (1/4) title interest held by each [respondent and Hart] [i]n the real property . . . [¶] . . .

[¶] . . . for the purpose of securing payment of: [¶] a) the indebtedness evidenced by [the] promissory note . . . and [¶] b) the performance of each agreement contained in [the] deed of trust." (Capitalization omitted.) The deed gave Gonzalez the right to take certain steps to protect the property and avoid foreclosure, should respondent and Hart fail to fulfill their duties under the deed and do so. Gonzalez never formally intervened in the siblings' partition action, although he did seek and obtain various types of relief.

### C. *Respondent's Ex Parte Application To Appoint an Elisor To Sign Documents on Behalf of Gonzalez*

In January 2021, the court issued an order requiring, inter alia, that the clerk sign as an elisor[1] on behalf of anyone refusing to do so any documents necessary to effectuate the sale of the property. Respondent then filed an ex parte application asking that the clerk execute on behalf of Gonzalez (1) a demand to payoff Gonzalez's promissory note and (2) a full reconveyance of the deed of trust. The ex parte application alleged it was necessary to appoint an elisor to sign for Gonzalez, because Gonzalez had obstructed the sale of the property by making a beneficiary demand

---

[1] "[I]n common legal parlance[,] the term elisor is used to designate persons appointed to perform functions such as the deed and document execution" (*Rayan v. Dykeman* (1990) 224 Cal.App.3d 1629, 1635, fn. 2) "on behalf of a recalcitrant party in order to effectuate [the court's] judgments or orders, where the party refuses to execute such documents." (*Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1020; accord, *Rayan, supra*, at p. 1635.) The power of the court to appoint an elisor in this way derives from the court's inherent authority to compel compliance with its orders. (See *Rayan, supra*, at p. 1635; see also Code Civ. Proc., § 128, subd. (a)(4).)

to the escrow company for an amount beyond that reflected in the promissory note, based on his expenditures to maintain the property, reimbursement for which he argued the deed of trust both required and secured. Gonzalez opposed the ex parte application, arguing it raised issues that should be resolved via a noticed hearing, and that the documents respondent was asking the court to execute effectively reduced his entitlement to recover under the deed of trust.

In a January 7, 2022 order, the court granted respondent's application, required the court to execute the documents on Gonzalez's behalf, and set a hearing "on the issue of the confirmation of the sale of the property and the disbursement of sale proceeds." As successor in interest to Gonzalez,[2] appellant (Green) filed a notice of appeal from the January 7, 2022 order.

## DISCUSSION

On appeal, appellant argues the court abused its discretion in ordering the clerk to sign the reconveyance and beneficiary demand on his behalf. He seeks reversal of this order and, ultimately, to recover the expenses he incurred and that he argues were secured by the deed of trust, in addition to the amount owed him under the promissory note.[3]

---

[2] Gonzalez filed a "notice of assignment of note and deed of trust" giving notice that he assigned his promissory note "together with the claim for payment thereof presently pending in the partition action" to appellant. (Capitalization omitted.)

[3] The property has since been sold and the proceeds placed in trust accounts, based on the court's allocation thereof between the siblings and Green/Gonzalez. Specifically, "[t]he sum of $49,500.00, which represents the payoff of the promissory note secured by a deed of trust on the property in favor of Joseph Gonzales, which was purportedly assigned to [appellant], [has been]

4

Respondent argues that we may not reach the merits of the instant appeal because the January 7, 2022 order is not appealable. Appellant does not argue that the order is statutorily appealable, but instead relies on a California Supreme Court decision, *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 (*Skelley*), under which "certain 'collateral' orders may be appealable even if not specifically listed in [the] Code of Civil Procedure." (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545 (*Koshak*).) We agree with the doctrine but disagree that it applies here.

To qualify as an appealable collateral order, the interlocutory order must (1) be a final determination (2) of a collateral matter and (3) direct the payment of money or performance of an act. (*Koshak, supra*, 200 Cal.App.4th at p. 1545; see *Skelley, supra*, 18 Cal.3d at p. 368 ["[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.] . . . Such a determination is substantially the same as a final judgment in an independent proceeding"].)

"[An] order is deemed final if further judicial action is not required on the matters dealt with by the order." (*Koshak, supra*, 200 Cal.App.4th at p. 1545.) The January 7 order instructs the clerk to execute, on behalf of Gonzalez, a full reconveyance of the deed of trust, thereby extinguishing his security interest in the property. No further judicial action is necessary for this to become effective; the clerk need only perform the ministerial act of executing the court's order by signing the grant deed. This order

deposited into the jointly controlled trust account . . . until the resolution of the dispute regarding [appellant's] claim is reached by settlement or trial."

5

is thus final to the extent it requires reconveyance of the deed of trust. As to the portion of the order requiring the court to execute a demand for payoff of the promissory note, however, the order is not final. Because this document is only a demand, it by definition does not finally address the issue of the amount owed Gonzalez under the promissory note.

We must therefore consider whether the order, to the extent it requires reconveyance of the deed of trust, is collateral, meaning it addresses a matter "distinct and severable . . . from the general subject of the litigation." (*Koshak, supra*, 200 Cal.App.4th at p. 1545.) "[An] order is not 'collateral' if it is a 'necessary step' to the determination of the issue in the case." (*Ibid.; San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 300 ["[i]f an order is ' "important and essential to the correct determination of the main issue" ' and ' "a necessary step to that end," ' it is not collateral"].) Here, the general subject matter of the case is the partitioning of interests in the property as between the siblings. Because the lien reflected in Gonzalez's deed of trust is on the interests of only two of the four tenants in common, the court could not partition the property in kind subject to the lien. (See *Wernse v. Dorsey* (1935) 2 Cal.2d 513, 515 ["[w]hile it is allowable to decree a sale in partition subject to a lien, where the lien is upon the united interests of all claimants to the property, we cannot see how such a decree can properly be made where only one undivided interest is subject to the lien"]; see also Code Civ. Proc., § 873.260 ["[w]here a lien is on an undivided interest of a party, the lien shall, upon division of the property, become a charge only on the share allotted to that party"].) Rather, where a lien encumbers the interest of only some of the property's joint owners, "[t]he only just procedure would seem to be to sell the property free of liens and satisfy the lien against the interest of the joint owner

6

by deducting from his share of the proceeds the amount of his indebtedness." (*Wernse, supra*, at p. 515*; accord, Cathcart v. Redlands Security Co.* (1945) 67 Cal.App.2d 591, 593–594.)  In order to "sell the property free of liens" (*Wernse, supra*, at p. 515), the court needed to remove the lien on the property reflected in the deed of trust.  To this end, it appointed an elisor to execute the grant deed that removed the lien on the property.  Thus, the challenged order to this effect is not collateral, but rather a necessary step to partitioning the property, the subject matter of the instant action.  Therefore, it is not an appealable collateral order.

**DISPOSITION**

The appeal is dismissed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


WEINGART, J.