[L. A. No. 3684. In Bank.—October 2, 1914.]

DELL M. HIGGINS, Substituted for A. E. Higgins, Plaintiff and Respondent, v. W. O. KAY et al., Defendants; W. O. Kay, Defendant and Appellant.

PARTIES TO ACTION—SUBSTITUTION AFTER TRANSFER OF INTEREST BY PLAINTIFF—NECESSITY OF NOTICE.—An order granting the motion of a defendant to substitute as party plaintiff the transferee of the original plaintiff is void, if no notice of the application for the order is given to the substituted party; and it is immaterial that the original plaintiff, after the transfer of his interest in the subject matter of the litigation and prior to the attempted substitution, has died.

ID.—NOTICE OF APPEAL—SERVICE UPON PARTY IMPROPERLY SUBSTITUTED. A notice of appeal served upon the party thus substituted is without legal efficacy, and the appeal will be dismissed.

ID.—DUE PROCESS OF LAW—WHEN REQUIRES NOTICE AND OPPORTUNITY TO BE HEARD.—In any proceeding of a judicial character, one whose rights or interests may be affected by action against him therein

is entitled to notice and an opportunity to be heard, and a failure to accord him that right amounts to lack of due process of law.

Id.—Application for Substitution of Parties—Right of Substituted Party to be Heard.—Where application is made for a substitution of parties, the one to be substituted is entitled to an opportunity to question the right of the party applying to have an order therefor at all, or whether the discretion of the court should be exercised in his favor, and likewise is entitled to an opportunity to contest the facts upon which the motion or application for substitution are based. His substantial rights or interests may be vitally affected if substitution is made, and it is violative of fundamental principle that this may be done without any notice or opportunity given him to be heard in protection of his rights and interests.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellant.

Dell M. Higgins, Hunsaker & Britt. and John A. Powell. for Respondent.

LORIGAN, J.—Dell M. Higgins was substituted as plaintiff in the above-entitled action by order of the superior court and notice of appeal served on her by the appellant, W. O. Kay. She moves to dismiss the appeal as to herself.

A. E. Higgins, the original plaintiff, brought an action against Kay and others to quiet his title to an undivided one-fourth interest in a certain lot in the city of San Diego. Kay answered, asserting an interest in the land under an executory contract between himself and plaintiff, and also filed a cross-complaint under which he sought specific performance of this executory contract. A general demurrer to the cross-complaint was sustained. On the trial judgment was entered in favor of plaintiff. This was on April 26, 1913. Kay took no steps to appeal under the new or alternative method of appeal, nor any steps to appeal until October 21st following, when a few days before his right to appeal under the old method would have expired he made an *ex parte* motion or application to the trial court for an order substituting Dell M. Higgins, the moving party herein, as plaintiff in the action

in the place of the original plaintiff, A. E. Higgins, and this application the court forthwith granted. This was done without any notice to said Dell M. Higgins of the application for said order. The grounds upon which the motion for such substitution was made and ordered were that the original plaintiff, A. E.. Higgins, had died on August 31, 1913, that prior thereto he had conveyed by deed which was of record, all the property involved in the action to said Dell M. Higgins; that the estate of A. E. Higgins had no further interest in the property and that said Dell M. Higgins was the only person interested therein as far as the interest of the original plaintiff was concerned.

After this order of substitution was made, and on the same day it was made, notice of the making thereof was served on said Dell M. Higgins as also a notice of appeal in this action. She now moves to dismiss the appeal on the ground that the order of substitution was void because made without any notice to her of the application therefor; that such notice was a jurisdictional prerequisite to the making of a valid order of substitution. The position of respondent in resisting her motion is that the superior court had authority to make the order without notice to her, or if notice should have been given it was not a jurisdictional essential and failure to do so only rendered the order voidable; that this being true, the remedy of Dell M. Higgins was by motion in the trial court to have the order of substitution set aside or to proceed by direct appeal to have it vacated in this court, and that having failed to seek relief by either of these methods she should not be granted the relief of a dismissal of the appeal which she seeks under the present motion.

It is provided by section 385 of the Code of Civil Procedure as follows:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

It was under this section of the code that the application for substitution was made, and it will be observed that any right of the defendant Kay to apply and have it done under the asserted fact that the original plaintiff had transferred his interest in the subject matter of the litigation is given in the last sentence of the section, which provides that it may be ordered ''in case of any other transfer'' than the devolution of interest by death. While the application for an order of substitution here is based in a measure upon the death of the original plaintiff, that fact is really a false quantity in the case. The right of the defendant to have the substitution as made could not be based upon that fact, but only upon the alleged fact of the transfer prior thereto, and as far as either the death of or transfer by the original plaintiff is concerned it could not affect the rights of the defendant which would be fully secured if after the one the action continued to be prosecuted in the name of his personal representatives or after the other it was still prosecuted in the name of the original plaintiff. This is clear from the terms of the section itself and is supported by the authorities. (*Walker* v. *Felt,* 54 Cal. 386; *Malone* v. *Big Flat Gravel M. Co.,* 93 Cal. 384, [28 Pac. 1063].) On the death of the original plaintiff Kay had the right to have his personal representatives substituted in his place and nothing more. This also is equally clear from the language of the section. But a substitution of this nature was not what was sought by the defendant or obtained. He based his right to it upon the fact that Dell M. Higgins had acquired by transfer from the original plaintiff all his interest in the subject matter of the litigation, and on this showing, but without any notice to her, obtained the order of substitution. It is insisted by her counsel that this failure to give her notice of the application rendered the order void. This precise question has never been heretofore presented to this court for consideration. The cases in this court, and generally, where the validity of orders of substitution have been presented for review show, however, that they have been heard and made only after notice to the party sought to be substituted except where the application has been made by the party himself seeking to be substituted, and we are satisfied on principle that notice was essential to the validity of the order here made. The rule is that in any proceeding of a judicial character, one whose rights or interests may be

affected by action against him therein is entitled to notice and an opportunity to be heard, and that a failure to accord him that right amounts to lack of due process of law. He is entitled to an opportunity to question the right of the party applying therefor to have an order for it at all, or whether the discretion of the court should be exercised in his favor, because the granting of such an order rests in the sound discretion of the court (*Emerson* v. *McWhirter*, 128 Cal. 268, [60 Pac. 774]), and likewise is entitled to an opportunity to contest the facts upon which the motion or application for substitution are based. His substantial rights or interests may be vitally affected if substitution is made, or responsibilities and duties entailed upon him, and it is violative of fundamental principle that this may be done without any notice or opportunity given him to be heard in protection of his rights and interests.

The case of *Campbell* v. *West*, 93 Cal. 653, [29 Pac. 219, 645], relied on by respondent in support of the order is clearly distinguishable from the matter at bar. In that case while the question on appeal was as to the correct method of pleading the death of the plaintiff pending the action and the appointment of his executor, the court did say as to motions to have an action continued against the representatives or successors in interest of a deceased "that the practice in this state is well settled in such cases for courts to allow the substitution to be made upon suggestion of the death of a party and on an *ex parte* motion showing the appointment and qualification of the executor or administrator of the estate of the deceased party." But this language had reference to motions for the substitution of the executor or administrator of a deceased party made by such executor or administrator himself which was the situation in the Campbell case. Of course, a motion for substitution so made is not in any sense an adversary proceeding and it was to such a motion that the court in the Campbell case was referring. But here the proceeding was of an adversary nature. It was sought to make Dell M. Higgins who was not a party to the action without her consent, a litigant therein, and before this might be done she was entitled to her day in court—to notice and an opportunity to be heard in the matter. Undoubtedly the court may make a substitution such as was sought here upon a proper showing. But this may be done only after notice of an appli-

cation therefor. Failure, however, to give her any notice here constituted lack of due process of law rendering the making of the order void.

It follows that as there was no valid substitution of Dell M. Higgins as plaintiff in the action, the service of notice of appeal upon her was of no legal efficacy and the motion to dismiss this appeal as to her is granted.

Henshaw, J., Melvin, J., Sloss, J., and Shaw, J., concurred.