Filed 7/15/14  Almodovar v. Downey High School CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KRISLEN ALMODOVAR, a Minor, etc.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DOWNEY HIGH SCHOOL et al.,<br><br>    Defendants and Respondents. | B249458<br><br>(Los Angeles County<br>Super. Ct. No. BC495699) |

APPEAL from a judgment of the Superior Court of Los Angeles County. William F. Fahey, Judge. Reversed and remanded.

Law Offices of Jeffrey S. Benice and Jeffrey S. Benice for Plaintiff and Appellant.

Gibeaut, Mahan & Briscoe, Gary R. Gibeaut, Nancy Mahan-Lamb and John W. Allen for Defendants and Respondents.

_____

Daphne Almodovar (Almodovar), as guardian ad litem on behalf of Krislen Almodovar, appeals the dismissal of her complaint following an order sustaining the demurrer by Downey High School, Downey Unified School District,[1] and Tom Houts (Houts) without leave to amend. We conclude that the trial court erred because it ruled without giving Almodovar notice and an opportunity to be heard in violation of due process, and it was required to accept the first amended complaint filed by Almodovar pursuant to Code of Civil Procedure section 472.[2] The judgment of dismissal is reversed and remanded for further proceedings.

**FACTS**

Almodovar filed a form complaint against Downey and Houts seeking damages for negligence and intentional tort based on the following allegation: "On March 12, 2012, Krislen was assaulted by Mr. Tom Houts, the Principal of Downey High School[,] while at school. Krislen had been in a fight with another student who had been bullying Krislen. After the other student ran away, and as Krislen was getting ready to walk away from the location . . . , Mr. [Houts] approached Krislen[,] grabbed her by her braided hair and body slammed her to the ground. While Krislen was on the ground, Mr. Houts told her to get up. As Krislen proceeded to stand up, he told her, '*If you want to act like an animal, I am going to treat you like an animal.*' Mr. Houts then body slammed Krislen to the ground a second time."

A Government Code claim served on Downey was attached as exhibit A to the complaint. The claim was dated May 18, 2012. Downey's June 27, 2012, denial of the claim was also attached.

Downey and Houts filed a demurrer and noticed the hearing for April 25, 2013. They argued that the complaint was deficient because it did not allege a statutory basis for liability, citing Government Code section 815 and *Searcy v. Hemet Unified School*

---

[1] We refer to Downey High School and Downey Unified School District collectively as "Downey."

[2] All further statutory references are to the Code of Civil Procedures unless otherwise indicated.

*Dist.* (1986) 177 Cal.App.3d 792, 802.)  In addition, Downy and Houts filed a motion to strike portions of the complaint.

Almodovar did not file an opposition.  However, on April 24, 2013, Almodovar filed and served a first amended complaint.  It alleged that the "statutory basis for each claim is Government Code section 815.2[:]  'A public entity is liable for injury proximately caused by an act or omission of an employee . . . within the scope of his employment. . . [.]"  Regarding negligence, it alleged:  "[Downey is] vicariously liable for the tort of . . . [Houts].  Further, [Downey] failed to properly supervise . . . [Houts]."  The second cause of action, which was labeled as one for intentional tort, alleged that Houts's conduct qualified as intentional infliction of emotional distress.

Also on April 24, 2013, the trial court ruled on the demurrer in chambers without giving the parties notice and an opportunity to be heard.  After the fact, the trial court did not notify Almodovar.  Instead, the trial court's clerk called defense counsel and told him to give notice.  He did.  There is no minute order in the record from April 24, 2013, reflecting the ruling.

The next day, on April 25, 2013, the trial court issued the following minute order:  "Matter is called for hearing.  [¶]  In chambers on April 24, 2013, the court makes the following ruling:  [¶]  The demurrer is well-taken, unopposed and sustained without leave to amend.  The motion to strike is moot.  The court notes that plaintiff's counsel of record also failed to appear on 4/10/13.  [¶]  Notice by defendants.  [¶]  The clerk telephonically gives notice to defendant's counsel, John Allen, on April 24, 2013.  Defendant's counsel will give notice to plaintiff.  [¶]  Matter is called for hearing on April 25, 2013.  [¶] Attorney[] Ali Fathi, specially appears on behalf of plaintiff and states a first amended complaint was filed on April 24, 2013. [] The court's order stands."  That same day, the case was dismissed.

This appeal followed.

## DISCUSSION

Almodovar contends that the order sustaining the demurrer without leave to amend and dismissal must be reversed because:  (1) she was denied due process; and

3

(2) pursuant to section 472, the trial court was required to accept the first amended complaint and take the demurrer off calendar.  Downey and Houts, on the other hand, contend that the dismissal is unassailable because the trial court acted within its discretion pursuant to California Rules of Court, rules 3.1300(d) and 3.1308(a)(1), and also the Superior Court of Los Angeles County, Local Rules, rule 3.4(a).

We agree with Almodovar.

## I.  Standard of Review.

This appeal presents the legal question of whether a trial court can rule on a demurrer a day before a noticed hearing and refuse to accept an amended complaint filed pursuant to section 472.  Questions of law are subject to de novo review.  (*Martinez v. Robledo* (2012) 210 Cal.App.4th 384, 387.)

## II.  The Right to Amend Without Leave of Court.

"Any pleading may be amended once by the party of course . . . after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party[.]"  (§ 472.)  Based on this statute, "a plaintiff has the right to amend his complaint once, without leave of the court, after a demurrer is filed to it, provided he does so before the demurrer is presented to the court for decision."  (*Galusha v. Fraser* (1918) 178 Cal. 653, 655; *Barton v. Khan* (2007) 157 Cal.App.4th 1216, 1221–1222 ["a plaintiff has a right to amend his or her pleading at any time before a responsive pleading is filed and even after a responsive pleading is filed up to the time of the hearing on the demurrer"]; *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1054 [the filing of a first amended complaint under section 472 rendered a pending demurrer moot because the superseded original complaint ceased "to perform any function as a pleading"].)

4

## III. Principles of Due Process.

The guarantee of due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.  (*Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1531.)

If a trial court sustains a demurrer without leave to amend in the absence of notice and an opportunity to be heard, the order and ensuing dismissal are void.  (*Higgins v. Kay* (1914) 168 Cal. 468, 472–473; *Datig v. Dove Books, Inc.* (1999) 73 Cal.App.4th 964, 967 [order of dismissal reversed because it was obtained through an ex parte application "without notice or any excuse for lack of notice"]; *Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1194 [an order of dismissal issued without notice and an opportunity to be heard violates due process and is void].)

## IV. The Trial Court's April 24, 2013, Order was Void for Lack of Due Process Notice and Opportunity to be Heard.

From the record, it appears that the trial court advanced the demurrer from April 25, 2013, to April 24, 2013.  It also appears that the trial court ruled on the demurrer in chambers without providing any of the parties with notice and an opportunity to be heard beforehand.  What is unclear is whether the trial court ruled before or after Almodovar filed the first amended complaint.  Regardless, the trial court's order and subsequent dismissal of the case are void because the ruling was issued on April 24, 2013, in violation of due process.

Downey and Houts argue that the trial court merely issued a tentative ruling on April 24, 2013.[3]  This argument is belied by the record.  The April 25, 2013, minute order

---

[3]    A trial court that offers a tentative ruling in civil law and motion matters must follow one of two procedures.  The first procedure is this:  "The court must make its tentative ruling available by telephone and also, at the option of the court, by any other method designated by the court, by no later than 3:00 p.m. the court day before the scheduled hearing.  If the court desires oral argument, the tentative ruling must so direct.  The tentative ruling may also note any issues on which the court wishes the parties to provide further argument.  If the court has not directed argument, oral argument must be permitted only if a party notifies all other parties and the court by 4:00 p.m. on the court day before the hearing of the party's intention to appear.  A party must notify all other

5

indicates that the trial court ruled on April 24, 2013. There is no mention of a tentative ruling. Indeed, on April 24, 2013, the trial court directed defense to give notice of the ruling, and he followed through. The notice of ruling stated that the demurrer was sustained without leave to amend.

## V. The Trial Court was Required to Accept the First Amended Complaint and Take the Demurrer Off Calendar as Moot.

Section 472 and case law are unequivocal. Any time a plaintiff files and serves an amended complaint pursuant to section 472 before a demurrer is presented to the trial court for decision, the amended complaint supersedes the original complaint and the demurrer is rendered moot. Here, a day before the demurrer was presented to the trial court for decision on April 25, 2013, Almodovar filed and served an amended complaint. The trial court was required by section 472 to accept the amended pleading and take the demurrer off calendar. Consequently, the trial court erred when it ruled on the demurrer and dismissed the case.

## VI. Court Rules Cannot be Used to Circumvent Section 472.

According to Downey and Houts, the trial court properly exercised its discretion under the California Rules of Court, rules 3.1300(d) and 3.1308(a)(1), and also rule 3.4(a) of the Superior Court of Los Angeles County, Local Rules, to reject the first amended complaint filed by Almodovar.

While California Rules of Court, rule 3.1300(d) permits a trial court to refuse to consider late filed moving, opposing or reply papers in connection with a motion, the first amended complaint filed by Almodovar was neither late nor a paper governed by the

---

parties by telephone or in person. The court must accept notice by telephone and, at its discretion, may also designate alternative methods by which a party may notify the court of the party's intention to appear. The tentative ruling will become the ruling of the court if the court has not directed oral argument by its tentative ruling and notice of intent to appear has not been given." (Cal. Rules of Court, rule 3.1308(a)(1).) Downey and Houts contend that the trial court followed this procedure.

rule.[4]  Pursuant to section 472 and case law, a party may file and serve an amended complaint any time before a demurrer is presented for decision.  Thus, the first amended complaint was timely.  Moreover, it did not oppose the demurrer.  Instead, it rendered the demurrer moot as a matter of law.

California Rules of Court, rule 3.1308(a)(1) sets forth one of two procedures for tentative rulings.  That rule does not come into play here because the trial court did not issue a tentative ruling.  Even if the trial court had issued a tentative ruling, it would have been powerless to adopt the tentative ruling as a final ruling because the first amended complaint rendered any ruling moot.  For both these reasons, *M&R Properties v. Thomson* (1992) 11 Cal.App.4th 899, which is cited by Downey and Houts for its discussion regarding the effect of a tentative ruling in an unrelated context, does not factor into our reasoning.

Rule 3.4(a) of the Superior Court of Los Angeles County, Local Rules merely states that certain documents must be filed by 4:30 p.m.[5]  This rule does not enter into our analysis because there is no suggestion in the record that the first amended complaint was rejected because Almodovar tried to file it after 4:30 p.m.  The file stamped copy indicates that it was accepted by a deputy clerk on April 24, 2013.

---

[4]  Pursuant to the California Rules of Court, all papers in support of a motion and opposition to that motion must be served and filed in accordance with section 1005.  (Cal. Rules of Court, rule 3.1300(a).)  "No paper may be rejected for filing on the ground that it was untimely submitted for filing.  If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate."  (Cal. Rules of Court, rule 3.1300(d).)

[5]  In its entirety, rule 3.4(a) of the Superior Court of Los Angeles County, Local Rules establishes the following:  "All documents for which the court charges a fee must be filed at the clerk's filing window no later than 4:30 p.m.  Opposition or reply papers must be filed in the department not later than 4:30 p.m., or other time or location ordered by the court.  [¶]  The clerk's office will open to the public at 8:30 a.m. for filing documents and other official public services, and close at 4:30 p.m. each court day.  Except as directed by the court, the clerk may not allow the public to enter the offices for the purpose of filing papers or obtaining other official services after 4:30 p.m.  Persons in the clerk's office at 4:30 p.m. may complete their filing."

Regardless, if these rules permitted the trial court to circumvent section 472, they would be unenforceable. "Rules promulgated by the Judicial Council may not conflict with governing statutes. [Citation.]" (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532.) In addition, a "trial court is without authority to adopt local rules or procedures that conflict with statutes or with rules of court adopted by the Judicial Council, or that are inconsistent with the California Constitution or case law. [Citation.]" (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351.) Accordingly, none of the rules cited by Downey and Houts aid their cause.

## DISPOSITION

The judgment of dismissal is reversed and remanded for further proceedings. Almodovar shall recover her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
        ASHMANN-GERST

We concur:

_____, P. J.
        BOREN

_____, J.
        CHAVEZ