Filed 9/18/25  Farmers and Merchants Trust Co. of Long Beach v. Cosio CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FARMERS AND MERCHANTS TRUST COMPANY OF LONG BEACH,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>ANTHONY COSIO et al.,<br><br>        Defendants and Respondents. | B340897<br><br>(Los Angeles County Super. Ct. No. 22LBCV00454) |

        APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Affirmed in part and reversed and remanded in part.

        Law Offices of Michael Leight, Michael Leight and John Gloger, for Plaintiff and Appellant.

        Craton, Switzer & Tokar and Curt R. Craton; Law Offices of Timothy L. O'Reilly and Timothy L. O'Reilly for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff Farmers and Merchants Trust Company of Long Beach (Farmers) appeals from two orders entered after the trial court's judgment of dismissal. Specifically, Farmers appeals from the court's granting of defendants'[1] motion to substitute Farmers as the successor trustee and a subsequent order awarding defendants attorney fees. Farmers contends the court lacked jurisdiction to enter the substitution order and erred by awarding attorney fees, which Farmers claims is prohibited by Civil Code section 1717. We affirm in part and reverse and remand in part.

# II. BACKGROUND

A. *The Trusts*

This action arose from a dispute over the ownership of real property located on Redondo Avenue in Long Beach (the property). For decades, the property was co-owned by a survivor's trust and a marital trust both created under the Cole Family Trust dated August 10, 1994 (the trusts)[2]. Regena Cole is the sole beneficiary of the trusts.

---

[1] Defendants are Anthony Cosio and RMAC II LLC. James Edmiston was also a defendant in the case, but he is not a party to the appeal.

[2] The trusts are not part of our record on appeal.

B.    *Complaint and Cross-Complaint*

On August 31, 2022, Cole, in her individual capacity and in her capacity as trustee of the trusts (collectively, plaintiffs),[3] filed a complaint against defendants alleging that defendants fraudulently obtained the property through the deceit, coercion, intimidation, and manipulation of Cole, an elderly woman. Plaintiffs asserted the following causes of action:  (1) financial elder abuse pursuant to Welfare and Institutions Code sections 15610.30, 15610.53, and 15610.07; (2) conversion; (3) unjust enrichment; (4) cancellation of instrument (re:  the grant deed for the property), and (5) quiet title.[4]

On December 15, 2022, defendants filed a cross-complaint against plaintiffs for breach of a written contract, specifically, the purchase agreement.  Defendants attached to the cross-complaint a copy of the purchase agreement, which included an attorney fees clause that allowed the prevailing party to collect attorney fees "whether or not such action or proceeding is pursued to decision or judgment."

---

[3]    The complaint identified three plaintiffs:  Regena C. Cole, an individual; Regena C. Cole, Trustee of the Survivor's Trust created under the Cole Family Trust dated August 10, 1994; and Regena C. Cole, Trustee of the Marital Trust created under the Cole Family Trust dated August 10, 1994.

[4]    Cole requested attorney fees and costs pursuant to Welfare and Institutions Code section 15657.

C.     *Mental Incapacity of Cole and Trial*

On June 22, 2023, about ten weeks before trial, the trial court approved Cole's nephew as her guardian ad litem (guardian) for the purpose of representing her interests in the litigation on the grounds that Cole was an incompetent person.[5] Although it appears no effort was made to replace Cole in her representative capacity as trustee, the litigation proceeded to jury trial at the end of August 2023.  At the conclusion of plaintiffs' case, defendants filed a motion for nonsuit on the grounds that the action was missing the real party in interest because Cole was no longer competent to hold the office of trustee and no successor trustee had replaced her.  Plaintiffs opposed.

On September 5, 2023, before the trial court had ruled on the nonsuit motion, plaintiffs moved to dismiss the action without prejudice as to all parties.  Defendants consented to the dismissal of the complaint and agreed to dismiss the cross-complaint without prejudice.  The court granted both motions.

D.     *Substitution of Successor Trustee*

On November 3, 2023, defendants filed a motion under Code of Civil Procedure[6] section 1021 to recover an award of attorney fees from "plaintiffs," which would include Cole as an individual and in her capacity as trustee, on the grounds that

---

[5]     On April 11, 2017, Cole had granted her nephew her power of attorney to become effective upon her incapacity.

[6]     Further statutory references will be to the Code of Civil Procedure unless otherwise stated.

4

defendants were the prevailing parties with respect to plaintiffs' causes of action. Defendants argued the attorney fees they incurred defending against plaintiffs' claims were covered by the attorney fees provision in the purchase agreement, which Cole had signed.

At the May 30, 2024, hearing on the motion for attorney fees, the trial court requested further briefing on its ability to order Cole to pay attorney fees, noting that Cole was still reflected in the court's records as the trustee despite her incompetence. Cole filed a supplemental brief arguing that she was not liable personally for attorney fees because she was not a party to the purchase agreement in her individual capacity. Defendants agreed and requested that the court substitute Farmers as plaintiff in its capacity as the successor trustee to the trusts and then order Farmers to pay defendants' attorney fees. Concurrently, defendants moved to substitute Farmers into the lawsuit as successor trustee and served Farmers with notice of the motion.[7] On August 1, 2024, the court denied the motion for attorney fees against Cole, in her individual capacity, but agreed to consider the motion against Farmers as successor trustee.

On August 14, 2024, Farmers entered a special appearance to object to the trial court's jurisdiction over it as a *new party*. Farmers argued the court had no personal jurisdiction over it because service of process was invalid. Farmers next argued the court had no subject matter jurisdiction to substitute it as a new party into a litigation that the court had already dismissed. Farmers also challenged the application of section 375 to replace Cole with Farmers because Farmers was not and had never been

_____

[7]     The parties do not dispute that Farmers is the successor trustee of the trusts.

a representative of Cole, only a representative of the trusts in its capacity as trustee, and thus could not replace Cole under section 375. Finally, Farmers claimed it would violate due process to bring it into the action for the purpose of imposing an attorney fees award against it for fees incurred before it was a party.

On August 29, 2024, the trial court heard oral argument on the substitution motion and granted it. Farmers timely filed a notice of appeal from the substitution order.

E. *Order Granting Attorney Fees*

After substituting Farmers as plaintiff trustee, the trial court held a separate hearing to adjudicate defendants' pending motion for attorney fees. It was undisputed that Cole, as trustee, had executed the purchase agreement, which contained a broad attorney fees provision.[8] Farmers opposed the fees motion on

---

[8] Paragraph 16 of the purchase agreement states: "If any Party or Broker brings an action or proceeding (including arbitration) involving the Property whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees and costs. Such fees may be awarded in the same suit or recovered in a separate suit, whether or not such action or proceeding is pursued to decision or judgment. The term "**Prevailing Party**" shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party or Broker of its claim or defense. The attorneys' fees award shall not be computed in accordance with any court fee schedule, but shall be such as to fully reimburse all attorneys' fees reasonably incurred."

statutory grounds, arguing Civil Code section 1717 operated to prevent defendants from recovering attorney fees related to these "contract" claims because the action was voluntarily dismissed. (Civ. Code, § 1717, subd. (b).) Defendants countered that plaintiffs' claims were torts, not contract claims, so Civil Code section 1717 did not apply. On October 3, 2024, the court granted defendants' motion for attorney fees.[9] Farmers timely appealed.

## III. DISCUSSION

### A. *Standard of Review*

We review the trial court's jurisdiction to enter an order de novo. "[T]he lack of subject matter jurisdiction means the entire absence of power to hear or determine a case; i.e., an absence of authority over the subject matter. [Citations.] Where the evidence is not in dispute, a determination of subject matter jurisdiction is a legal question subject to de novo review. [Citations.]" (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 42.) Where personal jurisdiction is challenged because of a *factual* dispute regarding proper service of process, we review the trial court's determination for abuse of discretion. (*First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 42.) Under that standard, we defer to the trial court's factual findings if they are supported by substantial evidence. (*Ibid.*) "When the jurisdictional facts are not in dispute, whether the defendant is subject to personal jurisdiction is purely a legal question that we review de novo." (*F. Hoffman-La Roche, Ltd. v. Superior Court* (2005) 130 Cal.App.4th 782, 794.)

---

[9]     The trial court reduced the amount of the requested award.

7

"Although attorney fee awards are typically reviewed for abuse of discretion, a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo." (*Reyes v. Beneficial State Bank* (2022) 76 Cal.App.5th 596, 604 (*Reyes*), internal quotation marks omitted.)

B.      *Jurisdiction to Enter Substitution Order*

Farmers asserts the trial court lacked jurisdiction to substitute it into the action.  Farmers offers two arguments to support its position, both of which spring from the erroneous premise that the court added it as a new party.  Farmers argues that:  (1) defendants did not properly serve it with the summons and complaint as required for a new party to a lawsuit; and (2) the court lost subject matter jurisdiction to add a new party to the lawsuit when it dismissed the case.

As a threshold matter, we agree with Farmers that the trusts are not and have never been parties to this litigation.  It is hornbook law that a trust cannot be a party because a trust is a fiduciary relationship, not an entity. (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1132, fn. 3 (*Moeller*), quoting Rest.2d Trusts, § 2, p. 6.)  Because a trust cannot contract, Cole signed the grant deed and purchase agreement in her capacity as trustee.  Further, she initiated this lawsuit, in part, in her capacity as trustee. (*Estate of Bowles* (2008) 169 Cal.App.4th 684, 691 ["As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf"]; *Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344.)  It is undisputed that Farmers succeeded Cole as trustee and thus was the real party in interest at the time defendants filed their

8

substitution motion. "The 'powers of a trustee are not personal to any particular trustee but, rather, are inherent in the office of trustee. It has been the law in California for over a century that a new trustee "succeed[s] to all the rights, duties, and responsibilities of his predecessors."'" (*Fiduciary Trust Internat. of California v. Klein* (2017) 9 Cal.App.5th 1184, 1197, quoting *Fatjo v. Swasey* (1896) 111 Cal. 628, 636; *Borissoff v. Taylor & Faust* (2004) 33 Cal.4th 523, 530 ["the successor [fiduciary] has the same powers and duties as the predecessor"]; Prob. Code, § 8524, subd. (c).) For example, a successor trustee succeeds in his predecessor's shoes with respect to attorney-client privilege (e.g., *Moeller, supra*, 16 Cal.4th at pp. 1131–1133) and the continuous representation tolling provision for legal malpractice claims (e.g., *Kelly v. Orr* (2016) 243 Cal.App.4th 940, 951). Farmers thus succeeded to all of Cole's rights and responsibilities as trustee.

We disagree that Farmers is a new party to the action. When Cole filed causes of action against defendants, she did so, in part, in her capacity as trustee. And, the trustee remained the real party in interest even when Cole was succeeded by Farmers. Farmers, in its capacity as trustee, therefore became subject to the jurisdiction of the court when Farmers inherited the rights, duties, and responsibilities of trustee. (See Prob. Code, § 8524.) Farmers did not require service as a new party. (Prob. Code, § 8524, subd. (b) ["No notice, process, or claim given to or served on the former personal representative need be given to or served on the successor in order to preserve any position or right the person giving the notice or filing the claim may thereby have obtained or preserved with reference to the former personal representative"].) Defendants were required only to give

9

Farmers notice of the pending substitution motion. (See *Higgins v. Kay* (1914) 168 Cal. 468, 471–472 (*Higgins*).)

Next, Farmers contends the trial court lost subject matter jurisdiction over this action on September 5, 2023, when it dismissed all claims and cross-claims under section 581, subdivision (e), without prejudice and with the consent of all affected parties. After an action has been voluntarily dismissed under section 581, a trial court is without personal jurisdiction and subject matter jurisdiction to act further "and any subsequent orders of the court are simply void." (*Gherman* v. *Colburn* (1971) 18 Cal.App.3d 1046, 1050; *Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1405; *Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1192.) "Notwithstanding this general principle, 'courts have carved out a number of exceptions to this rule in order to give meaning and effect to a former party's statutory rights.'" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1022 (*Pittman*).) When a postdismissal or postjudgment motion involves ancillary or collateral statutory rights, which have no bearing on the finality of the judgment or dismissal, then the court may retain jurisdiction to determine and enforce those rights. (*Pittman, supra*, 20 Cal.App.5th at pp. 1022–1023.) Examples include motions related to attorney fees and costs, sanctions, or vexatious litigants. (*Id.,* at p. 1024 ["Like a motion for attorney fees or sanctions, a motion to declare a self-represented plaintiff a vexatious litigant deals with an ancillary issue and has no bearing on the finality of the judgment or dismissal"]; see, e.g., *Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1125 ["consideration of a postjudgment sanctions request does not undermine the finality of the merits of the judgment"];

10

*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1290 ["dismissal does not divest the trial court of jurisdiction to consider matters ancillary to the underlying action such as an application for attorney fees"].)

Here, because Farmers was not a new party, but the successor in interest, the order substituting it as a trustee was ancillary and had no bearing on the finality of the judgment or dismissal. *Higgins, supra*, 168 Cal. 468, is instructive. In that case, the original plaintiff A.E. Higgins conveyed property to Dell Higgins (Dell) after prevailing in his action to quiet title at trial. (*Id*. at p. 469.) Shortly before the time expired for appeal, the defendant Kay moved the trial court to substitute Dell, as the successor in interest, into the action as plaintiff for the purpose of the appeal. (*Id*. at pp. 469–470.) The Supreme Court concluded the substitution would have been proper, but for the fact that Kay had moved ex parte and the trial court had granted the substitution without Dell having had the notice and opportunity to be heard that due process requires.[10] (*Id*. at pp. 471–472.) We are persuaded that the substitution of a successor in interest postjudgment is an ancillary issue over which the trial court retained jurisdiction and here, unlike in *Higgins*, there is no dispute that Farmers received notice of the hearing to substitute it as the successor trustee.

---

[10] Here, Farmers does not dispute it was given notice and an opportunity to be heard. It concedes and the record reflects it made a special appearance to object to the substitution, brief the issue for the trial court, and argue against the motion at the August 29, 2024, hearing.

11

C.    *The Attorney Fees Order*

Farmers next contends the trial court erred when it awarded defendants attorney fees because, as a matter of law, there is no prevailing party in an action "on contract" when the action is voluntarily dismissed.

Farmers does not dispute that the purchase agreement contains a broad attorney fees provision which would apply here to award defendants' fees in defending the lawsuit.  Indeed, it provides for the recovery of fees incurred by the prevailing party in any action that involves the property, including an action "founded in tort," "whether or not such action or proceeding is pursued to decision or judgment," and defines the prevailing party as a party "who substantially obtains or defeats the relief sought" even by the "abandonment" of a party.  But Farmers contends that defendants' claims fall within the purview of Civil Code section 1717, which mandates that when an action is voluntarily dismissed, there is no prevailing party entitled to an attorney fees award regardless of what the contract provides.  (Civ. Code, § 1717, subd. (b)(2).)

Civil Code section 1717 is a mutuality of remedy provision "intended to create a reciprocal right to attorney fees when the contract provides the right to one party but not to the other." (*International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218, 223.) It is limited to contract claims and claims sounding in contract. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 614–615 (*Santisas*); *Reyes, supra*, 76 Cal.App.5th at pp. 618–620.)  Under subdivision (b)(2), there is no prevailing party when an action "on a contract" is voluntarily dismissed.  (Civ. Code, § 1717, subds. (a), (b)(2).) Therefore, if plaintiffs' claims are properly construed as "on a

12

contract," no attorney fees award is available to defendants for defending against those claims. As the Supreme Court has explained, however, "if a plaintiff voluntarily dismisses an action asserting *only* tort claims (which are beyond the scope of [Civil Code] section 1717), and the defendant, relying on the terms of a contractual attorney fee provision, seeks recovery of *all* attorney fees incurred in defending the action, the plaintiff [cannot] successfully invoke [Civil Code] section 1717 as a bar to such recovery." (*Santisas, supra*, 17 Cal.4th at p. 617.)

"An action (or cause of action) is 'on a contract' for purposes of [Civil Code] section 1717 if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement *by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement*, and (2) the agreement contains an attorney fees clause." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241–242, italics added (*Barnhart*).)

"'[T]ort claims do not "enforce" a contract' and are not considered actions on a contract for purposes of [Civil Code] section 1717." (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178 (*Kangarlou*).) Allegations of fraud in the inducement of a contract do not make an action based on a contract. (*Schlocker v. Schlocker* (1976) 62 Cal.App.3d 921, 922–923; see also *Stout v. Turney* (1978) 22 Cal.3d 718, 730 [where plaintiffs alleged that defendants made fraudulent misrepresentations in connection with the sale of real property, the fraud claim was not an action "'on a contract'" within the meaning of Civil Code section 1717].)

13

Here, plaintiffs alleged (1) financial elder abuse; (2) conversion; (3) unjust enrichment; (4) cancellation of instrument; and (5) quiet title. Farmers contends that all the claims are "on a contract" because the allegations involved the transfer of the property and therefore involve a contract, the purchase agreement. We disagree, in part. In the first three claims, plaintiffs alleged that defendants engaged in deceit, coercion, manipulation, and fraud in order to induce plaintiffs to sell the property. Because these causes of action seek neither to define or interpret the terms of the purchase agreement, nor to determine or enforce rights and duties under the purchase agreement, they are not actions on a contract for purposes of Civil Code section 1717. (*Barnhart, supra*, 211 Cal.App.4th at pp. 241–242; *Kangarlou, supra*, 128 Cal.App.4th at p. 1178.) Civil Code section 1717 does not apply to bar defendants' request for attorney fees for defending the first three causes of action.

The fourth and fifth causes of action for cancellation of instrument and quiet title are equitable claims that seek to void or cancel the grant deed. Where the right sued upon involves the enforceability of a contract, the action is based on a contract. Although the complaint does not mention the purchase agreement by name, the fourth and fifth causes of action seek to preempt defendants' enforcement of the purchase agreement. Both claims therefore are "on a contract." (See *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.* (1981) 121 Cal.App.3d 447, 460 [finding quiet title and cancellation of instrument claims were based in contract because plaintiff filed them to thwart defendant's attempt to enforce the parties' agreement].) Civil Code section 1717 barred defendants' recovery of attorney fees incurred while defending against those claims. We acknowledge

14

that it may be difficult to segregate defendants' attorney fees among the claims for which an attorney fee award is proper (financial elder abuse, conversion, and unjust enrichment) and those for which such an award is not proper (quiet title and cancellation of instrument).  Nonetheless, we remand for the trial court to consider, in the first instance, the proper amount of attorney fees.

## IV.   DISPOSITION

The order substituting Farmers into the litigation postjudgment is affirmed.  The order granting attorney fees to defendants is reversed and remanded to the trial court to determine an award of attorney fees consistent with our opinion that defendants are entitled to fees for their defense of the tort claims only.  Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:



HOFFSTADT, P. J.



BAKER, J.

16